UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOY FRY,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | Case No. |

**COMPLAINT**

NOW COMES Plaintiff, JOY FRY ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX" or "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Westmoreland County, in the City of North Huntington, in the State of Pennsylvania.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant EQUIFAX is a company headquartered in Atlanta, Georgia.

5. Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined in 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

8. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides within this District, and a substantial part of the events or omissions giving rise to the herein claims occurred within this District. Under 28 U.S.C. § 1391(d), since Defendant's principal place of business is within a State with more than one judicial district, Defendant will be deemed to be a resident of any district of this State, as Defendant has contacts sufficient to subject it to personal jurisdiction in each district of this State.

## Facts

11. Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX regarding Plaintiff's Fortiva Credit Card.

12. CRAs, including EQUIFAX, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

13. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

14. Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with Fortiva, an inaccuracy found in the credit report published by EQUIFAX. The following is a description of the inaccuracy and failures of EQUIFAX to investigate and update its reporting of the account in question:

15. On or about May 2, 2023, Plaintiff and Fortiva entered into an agreement to settle an account ending in 9961 (the "Account") for $1093.00.

16. Per the terms of the settlement agreement, Plaintiff made one (1) payment of $365.00 and two (2) payments of $364, with the last and final payment on July 20, 2023, fully satisfying the settlement agreement and Account.

17. On July 5, 2024, Plaintiff received a copy of her credit report from EQUIFAX.

18. To her surprise, despite Plaintiff's performance under the terms of the settlement agreement, EQUIFAX reported the Account status as "CHARGE_OFF" and the Account rating as "C/O" ("C/O" meaning "Charge-Off" according to EQUIFAX) until April 2024 even though the Account was paid and settled in July 2023. Additionally, EQUIFAX failed to accurately report the payment history on the Account.

19. EQUIFAX's failure to report the Account correctly, including its failure to report the accurate rating and failure to accurately report the payment history on the Account, harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

20. On June 17, 2024, Plaintiff issued a dispute by mail to EQUIFAX regarding the incorrect information being reported on the Account.

21. In her dispute letter, Plaintiff disputed the incorrect rating on the Account and the inaccurate payment history on the Account. Plaintiff also included proof of the agreement between herself and Fortiva and proof of the payments made in satisfaction of the agreement.

22. Upon information and belief, pursuant to its obligations under the FCRA, EQUIFAX notified Fortiva of Plaintiff's dispute within five days of receipt of the dispute.

23. Further, upon information and belief, EQUIFAX would have sent the documentation Plaintiff included in her dispute letter to Fortiva, including the terms of the settlement and proof of the payments.

24. Despite her very specific dispute and accompanying documents supporting her dispute, the second credit report from EQUIFAX, received by Plaintiff on August 16, 2024, reiterated the same inaccuracies. EQUIFAX continued to report the Account status as "CHARGE_OFF" and now report the account rating as "C/O" until June 2024 with no change in the reported payment history.

25. At the time of filing this complaint, EQUIFAX continues to inaccurately report the Account rating and fails to report the accurate payment history on the Account.

26. Upon information and belief, EQUIFAX continues to report this information because they failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in her dispute letter.

27. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EQUIFAX is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

28. If EQUIFAX had complied with its statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

29.     As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

30.     Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

31.     Because of her concern over the effects EQUIFAX's misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

32.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

33.     After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

34.     EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

35.     As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

36.     EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

37.     In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

38.     Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

39.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

40.     After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

41.     Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

42.     As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43.     EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

44.     In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

45.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 07/15/2025

Respectfully submitted,

*/s/Mark A. Carey*
Mark A. Carey, Esq
**Law Offices of Mark A. Carey, P.C.**
500 Roswell Rd. Bldg Ste C
Sandy Springs, GA 30342
P: (716) 853-9243
E: markcarey@ymail.com

**Attorneys for Plaintiff,
JOY FRY**